**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE:MCCULLOUGH, ET AL. § | | |
| Debtors § | **BANKRUPTCY CASE NO.** | |
| § | **04-02006-JEE** | |
| § | **ADVERSARY PROC. NO. 05-53** | |

| | | |
|---|---|---|
| **ALICE SUE MCCULLOUGH** § | | |
| **AND D.D. MCCULLOUGH** § | **PLAINTIFFS** | |
| § | | |
| **v.** § | **CAUSE NO. 1:05CV405** | |
| § | | |
| **DENBURY ONSHORE, LLC** § | **DEFENDANT** | |

**ORDER DENYING MOTION TO WITHDRAW THE REFERENCE**

THIS MATTER COMES BEFORE THE COURT for consideration of the Motion to Withdraw the Reference [1], filed by Plaintiffs Alice Sue McCullough and D.D. McCullough. The relief requested is the withdrawal of the McCullough's Adversary Proceeding to this Court pursuant to 28 U.S.C. § 157(d), which request is joined by Defendant Denbury Onshore, LLC.

A litigant who believes that a certain proceeding or portion of a proceeding pending in the bankruptcy court should be litigated in the district court may move to withdraw the reference pursuant to 28 U.S.C. § 157(d). Generally, withdrawal of the reference is only required if resolving the proceeding requires a significant and material application of a non-bankruptcy federal statute. 28 U.S.C. § 157(d); *In re Tastee Donuts, Inc.*, 137 B.R. 204, 205 (E.D.La. 1992). The court may exercise its discretion to withdraw any proceeding not requiring a significant and material application of a non-bankruptcy federal statute if it finds that good cause has been shown.[1]

---

[1] 28 U.S.C. § 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a

*See In re Tastee Donuts, Inc.*, 137 B.R. at 205.  The court should "respect the presumption that bankruptcy cases are to adjudicated by bankruptcy judges in bankruptcy courts."  *In re Mahlmann* , 149 B.R. 866, 870 (N.D.Ill. 1993)(citation omitted).  The burden of persuasion is on the party seeking withdrawal.  *In re Homeland Stores, Inc.*, 204 B.R. 427, 430 (D.Del. 1997).

The parties have given no indication of what issues this adversary proceeding entails, other than to state that "Judge Gaines advised that felt he [sic] may not have authority to grant all relief requested by the Plaintiffs," and that the Plaintiffs wish to have a jury trial.  This information is insufficient to allow the Court to determine whether this matter will require "significant and material application of a non-bankruptcy federal statute," or whether good cause otherwise exists for its withdrawal.  The parties have failed to meet their burden of persuasion.  Withdrawal of the bankruptcy proceeding is therefore not warranted and should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Withdraw the Reference [1], filed by Plaintiffs Alice Sue McCullough and D.D. McCullough in the above-captioned adversary proceeding is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2006.

                                                      s/ *Louis Guirola, Jr.*
                                                      LOUIS GUIROLA, JR.
                                                      UNITED STATES DISTRICT JUDGE

---

      proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.